**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** ) | **CASE NO. 1:16 CV 2422** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **$99,500 in U.S. Currency Seized on** ) | |
| **March 20, 2016, et al.,** ) | |
| ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff United States of America's Motion to Strike Claim and Answer for Failure to Respond to Discovery Requests (Doc. 40). This is a civil forfeiture action. For the following reasons, the Government's motion is DENIED.

On January 11, 2018, this Court held a case management conference and set a non-expert discovery deadline of May 15, 2018. Thereafter, on January 25, 2018, the Government served interrogatories and requests for production of documents on Claimant Samson Primm. Claimant's responses were due on February 28, 2018. Claimant did not respond to the discovery

1

requests and instead filed an "Opposition to Government's First Set of Interrogatories and Request for Production of Documents." In his opposition, Claimant implied that he was not required to respond to the Government's discovery requests until the Government survives his motion to suppress and proves that the property at issue is subject to forfeiture. He also filed an affidavit stating that he was asserting his Fifth Amendment right in response to discovery but that also implied that he was reserving the right to supplement his discovery responses after the Court ruled on the motion to suppress and determined forfeitability of the seized property. The Court issued an order on March 9, 2018, explaining that the law did not support Claimant's assertion that he can wait to respond to discovery in this way and that discovery would proceed as scheduled. Because it was not clear if Claimant was asserting a blanket Fifth Amendment privilege to the Government's discovery requests, the Court ordered Claimant to clarify, within seven days, whether he was doing so or if he instead intended to respond to the outstanding requests.

On March 16, 2018, Claimant filed his response to the Court's order in which he stated that he would respond to any question that would not tend to incriminate him: "So let's be clear, the Claimant will answer any and all questions put to him provided the answer to the questions will not tend to incriminate him." (Doc. 34, at 1). He ended his brief, however, by once again suggesting that he did not need to respond to any discovery until after the government proves that the items at issue were lawfully seized and are forfeitable to the government. (*Id.* at 4). Claimant did not file any responses to the Government's discovery requests.

On March 21, 2018, the Government filed a motion to compel discovery. This Court granted the motion, explaining that the Federal Rules of Civil Procedure applied to the discovery

2

dispute and that there is no authority for Claimant's position that he need not respond to any discovery requests until the Government shows that the property was lawfully seized and is subject to forfeiture. It ordered Claimant to respond to the Government's discovery requests on or before April 27, 2018. The Court noted that, "[i]f Claimant wishes to assert the Fifth Amendment privilege against self incrimination in response to the discovery requests, he is free to do so." (Doc. 39, at 3). Claimant did not file any responses by the date ordered.

The Government filed its motion to strike now pending before the Court on May 7, 2018. It asks the Court to strike Claimant's verified claim and answer as a discovery sanction for failing to respond to discovery. (Doc. 40, at 5) (quoting Federal Rule of Civil Procedure 37(b)(2)(A) (iii) ("If a party...fails to obey an order to provide or permit discovery..., the court where the action is pending may issue further just orders. They may include the following...striking pleadings in whole or in part[.]"). Claimant filed an opposition to the motion to strike in which he states:

> If one thing here seems clear enough, it has to be that counsel for the Claimant is ill-equipped to make a simple point. This must be so, otherwise counsel would have by now made it clear that his client has been convinced, that his Fifth Amendment Right of self-incrimination applies and works even in the Northern District of Ohio, and that he has the right to assert it in this Forfeiture case. Indeed, he has done so with reference to all questions put to him, and, he will continue to do so. To be sure, he has also asserted his Fifth Amendment privilege with reference to his being compelled to produce any documents.

(Doc. 42, at 1).

Claimant is absolutely correct that his filings have not made clear that he intended to assert a blanket Fifth Amendment privilege in response to discovery. Both this Court and the Government acknowledged that he had a right to do so but explained on several occasions that Claimant's filings did not make clear that this was his intent. Indeed, this Court ordered him to

3

clarify whether he intended to invoke the Fifth Amendment in response to all discovery. Rather than clarifying his intent, Claimant's filings continued to confuse the issue by suggesting that he would respond to all non-incriminating questions but also stating that he would assert the Fifth Amendment until the Government proved that the items were lawfully seized and subject to forfeiture. Complicating matters even more, he failed to comply with the Court's direct order to respond to the Government's discovery requests by April 27, 2018.

Out of an abundance of caution, however, the Court will construe Claimant's response to the Government's motion to strike as a response to the Government's discovery requests. In it, he has finally made sufficiently clear that he has asserted the Fifth Amendment in response to all of the Government's discovery requests. As the Court has said several times, that is his right. Of course, discovery is now closed, and as this case proceeds, he must bear the consequences of having invoked the Fifth Amendment rather than respond to any of the Government's discovery requests. *See, e.g., U.S. v. $110,873.00 in U.S. Currency*, 159 Fed. Appx. 649, 652-53 (6th Cir. 2005) ("A litigant may not invoke the Fifth Amendment to avoid answering questions in discovery, then cry foul when the absence of evidence in favor of the litigant requires summary judgment to be entered against him."); *United States v. 4003–4005 5th Ave.,* 55 F.3d 78, 84–85 (2d Cir.1995) ("If it appears that a litigant has sought to use the Fifth Amendment to abuse or obstruct the discovery process, trial courts, to prevent prejudice to opposing parties, may adopt remedial procedures or impose sanctions."); *U.S. v. $148,840.00 in U.S. Currency,* 521 F.3d 1268, 1277 (10th Cir. 2008) ("[A] district court may strike conclusory testimony if the witness asserts the Fifth Amendment privilege to avoid answering relevant questions, yet freely responds to questions that are advantageous to his cause.").

The Court is disturbed by the amount of time that both the Court and the Government have had to expend on this issue when Claimant could have filed a response months ago that made clear that he was invoking the Fifth Amendment in response to all discovery. Nevertheless, Court finds that striking his claim and answer would be too harsh of a sanction in these circumstances. Thus, the United States' Motion to Strike Claim and Answer for Failure to Respond to Discovery Requests is DENIED.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              Chief Judge
                                              United States District Court

Dated: 5/23/18